|  |  |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>**NORRIS, McLAUGHLIN & MARCUS, PA**<br>721 Route 202-206<br>P.O. Box 5933<br>Bridgewater, New Jersey 08807<br>(908) 722-0700 (Tel)<br>(908) 722-0755 (Fax)<br>Morris S. Bauer, Esq.<br>*Proposed Attorneys for the*<br>*Debtors/Debtors-In-Possession* | |
| In Re:<br><br>VISUAL MANAGEMENT SYSTEMS, INC.,<br>VISUAL MANAGEMENT SYSTEMS HOLDING, INC.,<br>VISUAL MANAGEMENT SYSTEMS, LLC,<br>AND INTELLIGENT PRODUCT DEVELOPMENT<br>GROUP, LLC<br><br>Debtors. | Chapter 11<br><br>Case Nos.    10-44748<br>10-44749<br>10-44750<br>10-44751<br><br>Judge: |

### MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. § 521 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 1007(c) TO EXTEND TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES, STATEMENTS OF FINANCIAL AFFAIRS, AND SCHEDULES OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Visual Management Systems, Inc. ("VMS, Inc."), Visual Management Systems Holding, Inc. ("VMSH, Inc."), Visual Management Systems, LLC ("VMS, LLC"), and Intelligent Product Development Group, LLC, ("IPDG", and together with VMS, Inc. and VMS, LLC, the "Debtors"), by and through their proposed counsel, Norris McLaughlin and Marcus, P.A., hereby move this Court, pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") and Rule 1007(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order to extend time to file their (i) schedules of assets and liabilities, (ii) statements of financial affairs, and (iii) schedules of

executory contracts and unexpired leases (the "Motion"). In further support of this Motion, the Debtors respectfully state as follows:

## JURISDICTION

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. § 521 and Bankruptcy Rule 1007(c).

## BACKGROUND

2.  On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3.  The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.  As of the filing of this Motion, no trustee, examiner or committee has been appointed in any of these chapter 11 cases.

5.  VMS, Inc. is the sole owner of shares of VMSH, Inc. VMSH, Inc. is the sole member of VMS, LLC and IPDG.[1] The Debtors conduct their operations through VMS, LLC, which provides protective technology solutions and remote management surveillance systems, and IPDG, which designs, manufactures and sells DVR's and NVR's.

6.  VMS, Inc. is a publicly traded company. Its common stock may be considered a "penny stock". It was formerly quoted on the OTC Bulletin Board, but due to financial constraints relevant to its current petition, it has been unable to timely file its reports with the

---

[1] A third non-debtor wholly owned subsidiary of VMSH, Inc. is VMS Financial Services, LLC, which was formed to provide equipment leasing services; however, as of this date is not engaged in business.

2

SEC, and currently trades on the "Pink Sheets", which provides significantly less liquidity than a securities exchange or an automated quotation system.

7. Since the inception of operations, the Debtors have faced the risks and difficulties of a growth company including the uncertainties of market acceptance, competition, cost increases and delays in achieving business objectives. The Debtors have experienced operating losses for the years ended December 31, 2009 and 2008. The losses were attributed, in part, to a substantial decrease in revenue due to the downturn in the larger economy, and the reduction in the Debtors' sales staff combined with an established overhead costs base which could not be reduced at the same rate that revenues declined and non-cash charges attributable to conversions of debt to equity. In addition, the Debtors have been confronted with limited liquidated resources and have been forced to combat litigation.

8. The Debtors' petitions were all filed on an emergent basis due to, among other things, the three judgments that recently were obtained against one or more of the Debtors and the continuing expenditures to fend off on-going collection lawsuits. The judgments and the lawsuits placed a significant restraint on cash resources and moreover, were leading to the possibility of levies upon bank accounts.

9. Faced with the possibility of levies on the bank accounts, the Debtors filed the within Chapter 11 cases on an emergent basis in order to help preserve the going concern value for the benefit of all of their creditors.

10. In commencing these chapter 11 proceedings, the Debtors' objectives are (1) to thoroughly explore all restructuring opportunities, (2) to preserve the going concern value of the Debtors' businesses, and (3) to ultimately formulate and confirm a chapter 11 plan.

11.     For a more detailed description of the Debtors, their operations, their debt structure and the events leading to the filing of these chapter 11 cases, the Debtors respectfully refer the Court to the concurrently filed Affidavit of Jason Gonzalez in Support of First Day Motions (the "Gonzalez Affidavit").

**RELIEF REQUESTED**

12.     By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1007, extending the time within which the Debtors must file their schedules of assets and liabilities, statements of financial affairs, and schedules of executory contracts and unexpired leases (collectively, the "<u>Schedules and Statements</u>"), as required by § 521 of the Bankruptcy Code, through and including December 17, 2010, a date which is approximately forty (40) days after the Petition Date.

13.     On the Petition Date, each of the Debtors filed with the Court (i) a list of the creditors holding the 20 largest unsecured claims against each of the Debtors' estates, and (ii) a list of all of their creditors.

14.     Cause exists to extend the deadline for the filing of the Schedules and Statements as requested herein, based on (i) the complexity of the Debtors' businesses, (ii) the number of potential creditors of the Debtors, including equity holders and (iii) the numerous burdens imposed by the Debtors' reorganization efforts, particularly in the early days of these chapter 11 cases. The Debtors' management and employees, together with their outside legal and financial advisors, have been working diligently to compile the information necessary for the Schedules and Statements. The magnitude of that task, when taken together with the considerable stresses of preparing for the filing of these chapter 11 cases, the anticipated burdens of preparing the Debtors' transition into chapter 11, the limited staffing that the Debtors' are currently working with, and ongoing burdens of operating the Debtors' businesses day-to-day, supports an

4

extension of the deadline set forth in the Bankruptcy Rules for filing the Schedules and Statements.

15. The relief requested herein will not prejudice or adversely affect the rights of the Debtors' creditors or other parties-in-interest. The extension requested herein will aid the Debtors' efforts to ensure the accuracy and completeness of the Schedules and Statements, which in turn will promote efficient administration of these chapter 11 cases.

16. Extensions of the period in which to file schedules of assets and liabilities and statements of financial affairs are routinely granted in this Circuit, with the period of the extension tracking the size and complexity of the cases in question. See, e.g., *In re AquaTek Environmental Consulting, Inc.*, Case No. 10-22324 (Bankr. D.N.J. April 27, 2010) (NLW) (17-day additional extension granted); *In re Water Out Drying Corp.*, Case No. 10-12522 (MBK) (Bankr. D.N.J. February 18, 2010) (25-day additional extension granted); *In re Basic Line, Inc.*, Case No. 10-11474 (KCF) (Bankr. D.N.J. January 21, 2010) (15-day additional extension granted); *In re Designline Construction Services, Inc.*, Case No. 09-21745 (KCF) (Bankr. D.N.J. May 10, 2009) (32-day additional extension granted).

17. The emergent nature of the within chapter 11 filings made the task of gathering the information necessary to complete the Schedules and Statements prior to the petitions being filed impossible. The Debtors and their professionals are working diligently to gather all of the necessary information. However, because the Debtors are working with extremely limited staffing in order to preserve assets of the estate, this task is a massive and time-consuming undertaking for the Debtors and their professionals. Accordingly, the Debtors respectfully request that this Court extend, by an additional twenty-six (26) days, the date by which the Schedules and Statements are required to be filed for a total of forty (40) days from the Petition

5

Date. The Debtors request such an extension without prejudice to their ability to seek further extensions from this Court.

18. Accordingly, the Debtors request an extension of time to file their Schedules and Statements through and including December 17, 2010, without prejudice to their right to seek a further extension for cause shown.

## NOTICE

19. Notice of this Motion and the proposed form of order has been provided to: (i) the Office of the United States Trustee; (ii) the Debtors' prepetition lenders; and (iii) each of the Debtors' twenty (20) largest unsecured creditors. In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

## NO PRIOR REQUEST

20. No previous motion for the relief sought herein has been made to this or to any other court.

## WAIVER OF BRIEF

21. As no novel issue of law is raised and the relevant authorities relied upon by the Debtors are set forth herein, the Debtors respectfully request that the requirement of D.N.J. LBR 9013-2 of filing a brief be waived.

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order substantially in the form submitted herewith extending the time for the Debtor to file its Schedules and Statements through and including December 17, 2010, and granting the Debtors such other and further relief as the Court deems necessary and just.

Dated:  November 8, 2010                      Respectfully submitted,

                                                **NORRIS, McLAUGHLIN & MARCUS, PA**
*Proposed Counsel for the*
*Debtors and Debtors-In-Possession*

By:*/s/ Morris S. Bauer*
Morris S. Bauer, Esq.
721 Route 202-206
Bridgewater, NJ 08807
(908) 722-0700 Telephone
(908) 722-0755 Facsimile

7