UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

**NORRIS, McLAUGHLIN & MARCUS, PA**
721 Route 202-206
P.O. Box 5933
Bridgewater, New Jersey 08807
(908) 722-0700 (Tel)
(908) 722-0755 (Fax)
Morris S. Bauer, Esq.
*Proposed Attorneys for the
Debtors/Debtors-In-Possession*

Order Filed on
**11/12/2010**
by Clerk U.S. Bankruptcy
Court District of New Jersey

In Re:

VISUAL MANAGEMENT SYSTEMS, INC.,
VISUAL MANAGEMENT SYSTEMS HOLDING, INC.,
VISUAL MANAGEMENT SYSTEMS, LLC,
AND INTELLIGENT PRODUCT DEVELOPMENT
GROUP, LLC

Debtors.

Chapter 11

Case Nos.   10-44748
            10-44749
            10-44750
            10-44751

Judge:

**INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL**

The relief set forth on the following pages, numbered two (2) through six (6) is hereby ORDERED.

**DATED: 11/12/2010**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

| | |
|---|---|
| Debtor: | Visual Management Systems, Inc., *et al* |
| Case Nos. | 10-44748-51 |
| Caption of Order: | Interim Order Authorizing the Debtors' Use of Cash Collateral Nunc Pro Tunc to Petition Date |

---

This matter is before the Court on the motion of Visual Management Systems, Inc. ("VMS, Inc."), Visual Management Systems Holding, Inc. ("VMSH, Inc."), Visual Management Systems, LLC ("VMS, LLC"), and Intelligent Product Development Group, LLC, ("IPDG", and together with VMS, Inc. and VMS, LLC, the "Debtors"), for authority to use cash collateral on an interim basis pursuant to Bankruptcy Rule 4001(b) and 11 U.S.C. Section 363(c)(2)(B). Notice of the motion together with notice of the preliminary hearing thereon has been given and served by the Debtors to the (1) the United States Trustee, (2) the Debtors' secured creditors, (3) any committee appointed under Section 1102 if one has been appointed, and if not, to the twenty (20) largest unsecured creditors on the Rule 1007(d) list. The Court considered the motion, and after due deliberation and good and sufficient cause appearing for the entry of the within order, it is hereby found:

A.  Notice and Hearing. Notice of the motion and order shortening time pursuant to D.N.J. LBR 9013-1(e) and Federal Rule of Bankruptcy Procedure 9006(c) for the preliminary hearing on the Debtors' use of cash collateral has been served in accordance with Section 102(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 4001(b), which notice is appropriate in the particular circumstances and is sufficient for all purposes under the Bankruptcy Code and the applicable Bankruptcy Rules in respect to the relief requested.

B.  Chapter 11 Filed. The Debtors filed their petitions under Chapter 11 of the Bankruptcy Code on November 8, 2010 (the "Petition Date") and are presently operating as a debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code.

| | |
|---|---|
| Debtor: | Visual Management Systems, Inc., *et al* |
| Case Nos. | 10-44748-51 |
| Caption of Order: | Interim Order Authorizing the Debtors' Use of Cash Collateral Nunc Pro Tunc to Petition Date |

---

C. Pre-Petition Debt. The Debtors are parties to a a securities purchase agreements with three affiliated institutional investors for the sale of original issue discount 5% senior secured convertible debentures and common stock purchase warrants. The three institutional investors are Enable Growth Partners LP, Enable Opportunity Partners LP and Pierce Diversified Strategy Master Fund LLC (collectively, "Enable" or the "Lenders"). In the transaction with Enable, the Debtors issued an aggregate of $3.75MM principal amount of the debentures at an original issue discount of 20% and warrants to purchase in aggregate of 11,250,000 shares of the Debtors' commons stock. As of the Petition Date, the total principal balance of the debentures owing to Enable aggregated $5,909,727.98 (the "Enable Obligation"). To the best of the Debtors' knowledge, the Enable Obligations are secured by all of the Debtors' assets and are secured by filed UCC statements.

D. Pre-Petition Collateral. The Lenders have made a prima facie showing that they have a properly perfected lien on the Debtors' property (including proceeds) at the commencement of the case, including the Debtors' accounts, inventory and other collateral which is or may result in cash collateral.

E. Cash Collateral. "Cash Collateral" as defined by Section 363(a) of the Bankruptcy Code includes post-petition proceeds, products, offspring, rents, or profits of property and the fees, charges, accounts or other payments for the use or occupancy of rooms and other public facilities in hotels, motels, or other lodging properties subject to a security interest as provided in Section 552(b) and as the term "proceeds" is described in UCC Section 9-306.

Page 4

| | |
|---|---|
| Debtor: | Visual Management Systems, Inc., *et al* |
| Case Nos. | 10-44748-51 |
| Caption of Order: | Interim Order Authorizing the Debtors' Use of Cash Collateral Nunc Pro Tunc to Petition Date |

---

F.  Necessity and Best Interest. The Debtors do not have sufficient unencumbered cash or other assets with which to continue to operate its business in Chapter 11. The Debtors require immediate authority to use cash collateral as defined herein in order to continue its business operations without interruption toward the objective of formulating an effective plan of reorganization. Debtors' use of cash collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estates' pending a final hearing. The amount of cash collateral authorized to be used pending a final hearing or entry of a final order is not to exceed the amounts reflected in the Debtors' budget annexed hereto as Exhibit "A" for the time period from the Petition Date through December 6, 2010 (the "Cash Collateral Budget").

G.  Purposes. The Debtors are authorized to use cash collateral to meet the ordinary cash needs of the Debtors (and for such other purposes as may be approved in writing by the Lenders) for the payment of actual necessary expenses of the Debtors necessary to (a) maintain and preserve its assets, and (b) continue operations of its business, including payroll and payroll taxes, and insurance expenses as reflected in the Cash Collateral Budget.

The Court having determined there is a reasonable likelihood that the Debtors will prevail upon the merits at the final hearing of the Motion as required by Section 363(c)(3) of the Bankruptcy Code, and for good cause shown, it is

ORDERED as follows:

1.  Use of Cash Collateral. The Debtors are authorized, for the periods and in accordance with the Cash Collateral Budget, to use cash collateral for the following purposes:

*Approved by Judge Kathryn C. Ferguson November 12, 2010*

Debtor: Visual Management Systems, Inc., *et al*
Case Nos. 10-44748-51
Caption of Order: Interim Order Authorizing the Debtors' Use of Cash Collateral Nunc Pro Tunc to Petition Date

---

  a. maintenance and preservation of the Debtors' assets;

  b. the continued operation of its business, including but not limited to payroll, payroll taxes, employee expenses, and insurance costs;

  c. the completion of work-in-process;

  d. the purchase of replacement inventory;

  e. restructuring costs; and

  f. other costs in accordance with the Budget

 2. **Adequate Protection.** As adequate protection for use of cash collateral, the Lenders are GRANTED:

  a. **Replacement Lien.** A replacement perfected security interest under Section 361(2) of the Bankruptcy Code to the extent the Lenders' cash collateral is used by the Debtors, to the extent and with the same priority in the Debtors' post-petition collateral, and proceeds thereof, that the Lenders held in the Debtors' pre-petition collateral.

  b. **Statutory Rights Under Section 507(b).** To the extent the adequate protection provided for hereby proves insufficient to protect the Lenders' interest in and to the cash collateral, the Lenders shall have a super-priority administrative expense claim, pursuant to Section 507(b) of the Bankruptcy Code, senior to any and all claims against the Debtors under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding.

  c. **Deemed Perfected.** The replacement lien and security interest granted herein is automatically deemed perfected upon entry of this Order without the necessity of

Page 6
Debtor:              Visual Management Systems, Inc., *et al*
Case Nos.            10-44748-51
Caption of Order:    Interim Order Authorizing the Debtors' Use of Cash Collateral
                     Nunc Pro Tunc to Petition Date

---

the Lenders taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by the Lenders, Debtors shall execute and deliver to the Lenders any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by the Lenders to be necessary in order to perfect the security interests and liens in the Debtors' post-petition collateral and proceeds granted by this Order, and the Lenders is authorized to receive, file and record the foregoing at the Lenders' own expense, which actions shall not be deemed a violation of the automatic stay.

    d.  Periodic Accountings. Within fourteen (14) days of the entry of this Order, the Debtors shall provide weekly periodic accountings to the Lenders setting forth the cash receipts and disbursements made by the Debtors under this Order. In addition, the Debtors shall provide the Lenders all other reports required by the pre-petition loan documents and any other reports reasonably required by the Lenders, as well as copies of the Debtors' monthly United States Trustee operating reports. Upon appointment of a Creditor's Committee, the Debtors shall submit a copy of the monthly U.S. Trustee operating reports to counsel to said Committee if counsel has been appointed, and until counsel is retained, to the Chairman of said Committee.

    e.  Default Hearing. In the event Debtor defaults or violates this Order, the Lenders are entitled to request a hearing within fourteen (14) days (or if immediate and irreparable injury, loss or damage may occur, an emergency hearing within 48 hours).

  3.  Creditor's Rights of Inspection and Audit. Upon reasonable notice by the Lenders, Debtors shall permit such creditor and any of its agents reasonable and free access to

*Approved by Judge Kathryn C. Ferguson November 12, 2010*

Debtor: Visual Management Systems, Inc., *et al*
Case Nos. 10-44748-51
Caption of Order: Interim Order Authorizing the Debtors' Use of Cash Collateral Nunc Pro Tunc to Petition Date

---

the Debtors' records and place of business during normal business hours to verify the existence, condition and location of collateral in which said creditor holds a security interest and to audit Debtors' cash receipts and disbursements.

4. **Interlocutory Order and No Modification of Creditor's Adequate Protection.** This is an interlocutory order. Nothing contained herein shall be deemed or construed to (a) limit the Lenders to the relief granted herein: (b) bar the Lenders from seeking other and further relief (including without limitation relief from the terms of this Order) for cause shown on appropriate notice to the Debtors and other parties-in-interest entitled to notice of same: or (c) require the Lenders to make any further loans or advances to the Debtors. The Order may be modified for cause shown by the Debtors, the Lenders or any other party-in-interest on due notice. No such modification, however, shall deprive the Lenders of its interest in Debtors' property (pre-petition and post-petition).

**FINAL HEARING ORDER**

IT IS FURTHER ORDERED, AND NOTICE IS HEREBY GIVEN that any creditor or other interested party having any objection to this Interim Order shall file with the Clerk of this Court and serve upon counsel for the Debtors on or before the day of __23rd__ of __November__, 2010, at ~~_____~~, a written objection and shall appear to advocate said objection at a Final Hearing to be held at __10:00__ .m. on the __30th__ day of __November__, 2010 in Courtroom __2__ of the United States Bankruptcy Court, __Trenton__, New Jersey. In the event no objections are filed or not advocated at such hearing, then this Order shall continue in

*Approved by Judge Kathryn C. Ferguson November 12, 2010*

Page 8
Debtor: Visual Management Systems, Inc., *et al*
Case Nos. 10-44748-51
Caption of Order: Interim Order Authorizing the Debtors' Use of Cash Collateral Nunc Pro Tunc to Petition Date

---

full force and effect and shall be deemed a Final Order without further notice or hearing in accordance with Federal Rules of Bankruptcy Procedure 4001(d)(3).

## NOTICE ORDER

IT IS FURTHER ORDERED that the Debtors serve a copy of this Order and Notice by first class mail within one (1) business day from the date hereof, on (1) the United States Trustee, (2) the District Director of the Internal Revenue Service, (3) the New Jersey Division of Taxation, (4) all known secured creditors and (5) counsel to any committee appointed under Section 1102 of the Bankruptcy Code, if one has been appointed and if not, to Debtors' twenty (20) largest Rule 1007(d) unsecured creditors on a consolidated basis. Debtors shall immediately file with the Clerk a Certificate of Service of said mailing.

**EXHIBIT "A"**

**Visual Management Systems, Inc., Proposed Budget**

| Minimum Operating Expenses | 1 Month | 3 Month |
|---|---|---|
| Payroll - All Current Employees (less HC Digital) | $42,000.00 | $126,000.00 |
| Rent - NJ and Ohio Facilities | $4,800.00 | $14,400.00 |
| Utilities | $1,000.00 | $3,000.00 |
| Telephone & Internet | $2,000.00 | $6,000.00 |
| Corporate Insurance | $7,000.00 | $21,000.00 |
| Health Insurance | $3,000.00 | $9,000.00 |
| Auto Notes Payable | $2,000.00 | $6,000.00 |
| Office Expenses, Shipping | $6,000.00 | $18,000.00 |
| Travel & Vehicle Expenses | $2,500.00 | $7,500.00 |
| Monthly Bankruptcy Attorney Fee | $10,000.00 | $30,000.00 |
| Enable Adequate Protection Payment | $10,000.00 | $30,000.00 |
| Accounting 1099 Employee | $2,500.00 | $7,500.00 |
| Software Development 1099 Employee | $11,000.00 | $33,000.00 |
| **Total** | **$103,800.00** | **$311,400.00** |

| Revenue Projection | 1 Month | 3 Month |
|---|---|---|
| El Rancho Taco Bell Installation (per month at least 6 months of work) | $11,500.00 | $34,500.00 |
| Sarku Sales and Installation (per month, at least 6 months of work) | $15,000.00 | $45,000.00 |
| On-Site Service | $7,500.00 | $22,500.00 |
| Remote Tech Support | $2,500.00 | $7,500.00 |
| DVR Repair | $7,500.00 | $22,500.00 |
| Returning Customer Dealer Sales | $5,000.00 | $15,000.00 |
| New Dealer Sales | $27,500.00 | $82,500.00 |
| New Installation Sales | $80,000.00 | $240,000.00 |
| **Total** | **$156,500.00** | **$469,500.00** |

| | 1 Month | 3 Month |
|---|---|---|
| **Parts Cost for Stated Revenue** | $51,645.00 | $154,935.00 |
| **Free Cash** | $1,055.00 | $3,165.00 |

*Approved by Judge Kathryn C. Ferguson  November 12, 2010*